UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JESSE HERNANDEZ, SR., Plaintiff, v. ROBERT ST'ANDRE, et al., Defendants. | No. 2:25-cv-1412 CSK P<br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I. PLAINTIFF'S COMPLAINT

Plaintiff's complaint raises three claims for relief. The first claim challenges the denial of a custom wheelchair plaintiff needs because of his paraplegia in violation of the Eighth Amendment. (ECF No. 1 at 5-10.) Plaintiff's second and third claims involve an alleged denial of access to a Kosher Religious Meal Program in violation of plaintiff's First Amendment right to freedom of religion. (Id. at 11-19.) Plaintiff names 12 individuals as defendants, ranging from the Attorney General of California to a Rabbi and Catholic Father.

II. IMPROPER JOINDER

Plaintiff's claims are improperly joined in one action. Plaintiff's need for a custom wheelchair under the Eighth Amendment is wholly unrelated to his need for a religious diet as governed by the First Amendment, and the claims do not involve all of the same defendants. Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)). Here, plaintiff's claims arose from

entirely different incidents involving different defendants, and therefore are not properly joined in one action.

The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991). "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)).

Here, the Court finds that severing the second and third claims from the first claim, rather than dismissal, is the proper course. Accordingly, the Court will order that plaintiff's second and third claims severed from first claim. Plaintiff's first claim (Eighth Amendment) will proceed in this action, and plaintiff's second and third claims (First Amendment) will proceed in a new civil action to be opened by the Clerk of the Court.

The Clerk of the Court will be directed to assign the new action to the same magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

## III. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second and third claims under the First Amendment (ECF No. 1 at 11-19) are severed from plaintiff's first claim under the Eighth Amendment (id. at 5-10).

2. This action will proceed on plaintiff's first claim alleging violations of the Eighth Amendment by defendants Robert ST'Andre; Gena Jones; Kathleen Allison; Rob Bonta; Kimberly Thornton; Brian Wheeler; Todd Murray; and Kevin Reuter.

3. The Clerk of the Court shall strike the following names from the case caption of the

instant complaint in this action: Brian Kibler (5),[1] Jolene Sphere (10), Shalom Orenstein (11) and Joseph Malachlas (12). (ECF No. 1 at 2.)

4. The Clerk of the Court is directed to:

a. Open a separate civil action for plaintiff;

b. Assign the new action to the magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

c. File and docket a copy of this order in the new action opened for plaintiff;

d. Place a copy of the complaint (ECF No. 1) in the new action opened for plaintiff;

e. The new action will proceed solely on plaintiff's second and third claims under the First Amendment (ECF No. 1 at 11-19) against defendants Robert ST'Andre; Gena Jones; Kathleen Allison; Rob Bonta; Brian Kibler; Kimberly Thornton; Jolene Sphere; Shalom Orenstein; and Joseph Malachlas.

f. The Clerk of the Court shall strike the names of defendants Brian Wheeler (7), Todd Murray (8), and Kevin Reuter (9) from the case caption of the complaint filed in the new action (ECF No. 1 at 2).

e. Send plaintiff an endorsed copy of his complaint bearing the case number assigned to the new action.

Dated: August 11, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hern1412.sever

[1] Numbers in parenthesis are the number plaintiff assigned the defendant in the case caption.